UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, | |
| Plaintiff, | |
| v. | Civil Action |
| | No. 1:24-cv-2476-RC |
| U.S. DEPARTMENT OF THE INTERIOR 1849 C Street, N.W. Washington, D.C. 20240, | |
| BUREAU OF LAND MANAGEMENT 1849 C Street, N.W. Washington, D.C. 20240, | |
| CHRISTINA PRICE, Deputy State Director, Lands and Minerals Utah State Office Bureau of Land Management 440 West 200 South, Suite 500 Salt Lake City, UT 84101 Defendants. | |

**DEFENDANTS' ANSWER**

Defendants, the U.S. Department of the Interior, U.S. Bureau of Land Management ("BLM"), and Christina Price, in her official capacity as Deputy State Director for BLM's Utah State Office (collectively, "Defendants"), through counsel, answer the First Amended Complaint ("Complaint") filed in this case on November 1, 2024, ECF No. 8, and served on November 22, 2024, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings and associated footnotes included in the Complaint, but to the extent those headings and associated footnotes expressly or implicitly include substantive legal or factual allegations, Defendants deny those

1

allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted in this Answer.

## INTRODUCTION

1.      The allegations in the first sentence of Paragraph 1 and footnote 1 are characterizations of Plaintiff's case to which no response is required; to the extent a response may be required, Defendants deny the allegations. Regarding the second sentence of Paragraph 1, Defendants admit that the reaffirmed leases are located on BLM-managed public lands. The remaining allegations in the second sentence of Paragraph 1 are vague and lack the necessary context for Defendants to form a belief as to their truth and are denied on that basis.  The allegations in the third sentence of Paragraph 1 are vague and lack the necessary context for Defendants to form a belief as to their truth and are denied on that basis.

2.      Defendants admit the allegations in the first two sentences of Paragraph 2. Defendants admit the allegation in the third sentence of Paragraph 2 that the Labyrinth Canyon Wilderness was designated on March 12, 2019, but deny the remaining allegations in the third sentence of Paragraph 2.  Defendants further aver that the lease was issued on February 8, 2019.

3.      Defendants admit the allegations in the first sentence of Paragraph 3. Defendants admit the allegations in the second sentence of Paragraph 3 that all leases at issue are located within the Upper Colorado River basin, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 3, and therefore they are denied.   The allegations in the third sentence of Paragraph 3 are vague and lack the necessary context for Defendants to form a belief as to their truth and are denied on that basis.

4.      Defendants admit the allegations in the first sentence of Paragraph 4.  The allegations in the second sentence of Paragraph 4 purport to characterize the settlement agreement between Plaintiff and Defendants, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the settlement agreement, they are denied. Defendants deny the allegations in the third sentence of Paragraph 4.

5.      The allegations in the first sentence of Paragraph 5 are vague and lack the necessary context for Defendants to form a belief as to their truth and are denied on that basis. Defendants deny the allegations in the second sentence of Paragraph 5.

6.      The allegations in the first sentence of Paragraph 6 are characterizations of Plaintiff's case to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of Paragraph 6.

7.      Defendants deny the allegations in the first sentence of Paragraph 7. The allegations in the second and third sentences of Paragraph 7 are characterizations of Plaintiff's case to which no response is required; to the extent a response may be required, Defendants deny the allegations.

**JURISDICTION AND VENUE**

8.      The allegations in Paragraph 8 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

9.      The allegations in Paragraph 9 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

10.     The allegations in Paragraph 10 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

11.     The allegations in Paragraph 11 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

12.     The allegations in Paragraph 12 are conclusions of law, to which no response is required; to the extent a response may be required, Defendants deny the allegations.

**PARTIES**

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore they are denied.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore they are denied.

15.     Defendants deny the allegations in the first, fifth, and seventh sentences of Paragraph 15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore they are denied.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     The allegations in the first sentence of Paragraph 18 are characterizations of Plaintiff's case, to which no response is required; to the extent a response may be required, Defendants deny the allegations.  Defendants admit the remaining allegations in Paragraph 18.

19.     Defendants admit the allegation in Paragraph 19.

20.     The allegations in Paragraph 20 characterize the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute, they are denied.

21.     The allegations in Paragraph 21 characterize the judicial review provisions of the APA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute, they are denied.

22.     The allegations in Paragraph 22 characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and implementing regulations, they are denied.

23.     The allegations in Paragraph 23 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and implementing regulations, they are denied.

24.     The allegations in Paragraph 24 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

25.     The allegations in Paragraph 25 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

26.     The allegations in Paragraph 26 characterize NEPA, related case law, and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute, case law, and its regulations, they are denied.

27.     The allegations in Paragraph 27 characterize 40 C.F.R. §§ 1501.3, 1508.9, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulations, they are denied.

28.     The allegations in Paragraph 28 characterize NEPA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

29.     The allegations in Paragraph 29 characterize 40 C.F.R. §§ 1508.9, 1508.13, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulations, they are denied.

30.     The allegations in Paragraph 30 characterize 40 C.F.R. §§ 1508.7, 1508.8, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulations, they are denied.

31.     The allegations in Paragraph 31 characterize 40 C.F.R. § 1508.8, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

32.     The allegations in Paragraph 32 characterize 40 C.F.R. § 1508.8, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

33.     The allegations in Paragraph 33 characterize 40 C.F.R. § 1508.7, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

34.     The allegations in Paragraph 34 characterize *Tomac v. Norton*, 433 F.3d 852 (D.C. Cir. 2006), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

35.     The allegations in Paragraph 35 characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*., which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

36.     The allegations in Paragraph 36 characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

37.     The allegations in Paragraph 37 are conclusions of law, to which no response is required, and characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

38.     The allegations in Paragraph 38 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

39.     The allegations in Paragraph 39 are conclusions of law, to which no response is required, and characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

40.     The allegations in Paragraph 40 and footnotes 3 and 4 are conclusions of law, to which no response is required, and characterize the ESA, its implementing regulations, and BLM Manual 6840, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute, regulations, and manual, they are denied.

41.     The allegations in Paragraph 41 are conclusions of law, to which no response is required, and characterize the ESA and its implementing regulations, which speak for themselves

and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

42.    The allegations in Paragraph 42 are conclusions of law, to which no response is required, and characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

43.    The allegations in Paragraph 43 are conclusions of law, to which no response is required, and characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

44.    The allegations in Paragraph 44 are conclusions of law, to which no response is required, and characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

45.    The allegations in Paragraph 45 characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

46.    The allegations in Paragraph 46 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.

47.    The allegations in Paragraph 47 characterize the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq*., which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

48.    The allegations in the first sentence of Paragraph 48 characterize 43 C.F.R. §§ 1610.5-3, 3120-3120.7-3, which speak for themselves and are the best evidence of their

contents; to the extent the allegations are inconsistent with the regulations, they are denied.  The allegations in the second sentence of Paragraph 48 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied. Defendants admit the allegations in the first two sentences of footnote 5. The remaining allegations in footnote 5 characterize Plaintiff's Complaint and do not require a response; to the extent a response is required, the allegations are denied.

49.    The allegations in Paragraph 49 characterize 43 C.F.R. § 3162.3-1, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

50.    The allegations in Paragraph 50 characterize 43 C.F.R. § 3101.1-2, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

51.    The allegations in Paragraph 51 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.

52.    The allegations in Paragraph 52 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.

53.    Defendants admit the allegations in the first, second, and third sentences of Paragraph 53 that the San Rafael Desert contains many significant resource values. The remaining allegations in the first, second, and third sentences of Paragraph 53 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.  The allegations in the fourth sentence of Paragraph 53 characterize BLM's San Rafael Desert Master Leasing Plan and Draft Resource Management Plan Amendments/Draft

Environmental Assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this document, they are denied.

54.    Defendants admit that the species identified in the first sentence of Paragraph 54 can be found in the San Rafael Desert.  The remaining allegations in the first sentence of Paragraph 54 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.  Defendants admit the allegation in the second sentence of Paragraph 54 that portions of the San Rafael Desert may potentially contain habitat for burrowing owl, peregrine falcon, Mexican spotted owl, Southwestern willow flycatcher, and yellow-billed cuckoo.  The remaining allegations in the second sentence of Paragraph 54 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.

55.    Defendants admit the allegations in the first sentence of Paragraph 55. Defendants admit the allegation in the second sentence of Paragraph 55 that the majority of challenged leases contain lands with wilderness characteristics ("LWC"); any remaining allegations in the second sentence of Paragraph 55 are denied.

56.    Defendants admit the allegations in the first sentence of Paragraph 56. The allegations in the second sentence of Paragraph 56 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.

57.    Defendants admit the allegations in the first sentence of Paragraph 57. Defendants deny the allegations in the second sentence of Paragraph 57 and aver that lease UTU93713 was issued on February 8, 2019.

58.    The allegations in Paragraph 58 characterize a letter from, *inter alia*, Senator Richard J. Durbin to then-Secretary of the Interior David Bernhardt, which speaks for itself and

is the best evidence of its contents; to the extent the allegations are inconsistent with the letter, they are denied.

59.    Defendants admit the allegation in the first sentence of Paragraph 59 that BLM did not offer any public lands in the region of the San Rafael Desert for oil and gas leasing and development between November 2011 and 2017.  The remaining allegations in the first sentence of Paragraph 59 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied. The allegations in the second sentence of Paragraph 59 characterize 82 Fed. Reg. 31252 (May 18, 2016), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with 82 Fed. Reg. 31252, they are denied.

60.    Defendants admit the allegations in the first sentence of Paragraph 60. The remaining allegations in Paragraph 60 characterize Instruction Memorandum No. 2010-117, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with Instruction Memorandum No. 2010-117, they are denied.

61.    The allegations in Paragraph 61 characterize BLM's San Rafael Desert Master Leasing Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Master Leasing Plan, they are denied.

62.    Defendants deny the allegations in the first sentence of Paragraph 62.  Defendants aver that on May 18, 2016, BLM published in the Federal Register a notice of intent to prepare a master leasing plan, and that BLM gathered information to support the master leasing plan process before the process was terminated.  The allegations in the second sentence of Paragraph 62 are vague and lack the necessary context for Defendants to form a belief as to their truth, and

on that basis are denied. Defendants admit the allegations in the third sentence of Paragraph 62

and aver that the draft EA was never finalized.

63.    The allegations in Paragraph 63 are characterizations of Plaintiff's case, to which

no response is required, and are otherwise vague and lack the necessary context for Defendants

to form a belief as to their truth; to the extent a response may be required, Defendants deny the

allegations.

64.    Defendants admit the allegation in the first sentence of Paragraph 64, that on July

13, 2018, BLM published in the Federal Register a notice of termination of the San Rafael

Master Leasing Plan and that Southern Utah Wilderness Alliance ("SUWA") submitted a request

regarding the San Rafael Desert MLP to BLM pursuant to the Freedom of Information Act

("FOIA").  Defendants admit the allegation in the second sentence of Paragraph 64 that BLM

responded to SUWA's FOIA request, but lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in the second sentence of Paragraph 64 and

deny them on that basis.  The allegations in the third sentence of Paragraph 64 purport to

characterize documents that Plaintiff obtained through a FOIA request, which speak for

themselves and are the best evidence of their contents; to the extent the allegations are

inconsistent with those documents, they are denied.  Defendants deny any allegations

inconsistent with these admissions.

65.    Defendants admit the allegations in the first sentence of Paragraph 65 that

President Trump issued Executive Order 13,783, entitled "Promoting Energy Independence and

Economic Growth," on March 28, 2017.  Defendants deny the remaining allegations in the first

sentence of Paragraph 65.  The allegations in the second sentence of Paragraph 65 characterize

Executive Order 13,783, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Executive Order, they are denied.

66.     The allegations in Paragraph 66 characterize Secretarial Order No. 3354, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Secretarial Order, they are denied.

67.     The allegations in Paragraph 67 characterize Instruction Memorandum No. 2018-034, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Instruction Memorandum, they are denied.

68.     The allegations in the first sentence of Paragraph 68 include conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.  The remaining allegations in the first sentence of Paragraph 68 characterize Instruction Memorandum No. 2018-034, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Instruction Memorandum, they are denied. The allegations in the second sentence of Paragraph 68 characterize Instruction Memorandum No. 2018-034, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Instruction Memorandum, they are denied.

69.     The allegations in Paragraph 69 characterize 83 Fed. Reg. 32681 (July 13, 2018), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with 83 Fed. Reg. 32681, they are denied.

70.     Defendants admit that BLM has offered oil and gas leases for sale in the San Rafael Desert, including those at issue in this litigation. Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants deny the allegations in the first sentence of Paragraph 71.  The remaining allegations in Paragraph 71 appear to characterize a newspaper article, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the article, they are denied.

72.     The allegations in Paragraph 72 purport to characterize an Executive Order, Secretarial Order, Instruction Memorandum, and district court opinion, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Executive Order, Secretarial Order, Instruction Memorandum, and district court opinion, they are denied.

73.     The allegations in Paragraph 73 purport to characterize Executive Order 14,008, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Executive Order, they are denied.

74.     The allegations in Paragraph 74 purport to characterize the Department of the Interior's Report on the Federal Oil and Gas Leasing Program ("2021 Oil and Gas Report"), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the 2021 Oil and Gas Report, they are denied.

75.     The allegations in Paragraph 75 purport to characterize the 2021 Oil and Gas Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the 2021 Oil and Gas Report, they are denied.

76.     The allegations in Paragraph 76 purport to characterize the 2021 Oil and Gas Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the 2021 Oil and Gas Report, they are denied.

77.     The allegations in Paragraph 77 purport to characterize two BLM Instruction Memoranda and 43 C.F.R. § 3120.32, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Instruction Memoranda or regulation, they are denied.

78.     The allegations in Paragraph 78 characterize Instruction Memorandum 2023-07, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Instruction Memorandum, they are denied.

79.     The allegations in Paragraph 79 appear to characterize, without citation or attribution, documents identified elsewhere in the Complaint that speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these documents, they are denied.  The allegations in Paragraph 79 are, moreover, vague and lack the context necessary for Defendants to form an opinion as to their truth, and are denied on that basis.

80.     The allegations in Paragraph 80 characterize BLM's September 2016 Reasonably Foreseeable Development Scenario for Oil and Gas in the San Rafael Desert Master Leasing Plan Area ("San Rafael RFDS"), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the San Rafael RFDS, they are denied.

81.     The allegations in Paragraph 81 characterize Reasonably Foreseeable Development Scenarios prepared by BLM, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these documents, they are denied.

82.     The allegations in Paragraph 82 characterize the San Rafael RFDS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the San Rafael RFDS, they are denied.

83.     The allegations in Paragraph 83 are conclusions of law, to which no response is required; to the extent a response is required, the allegations are denied.

84.     Defendants admit the allegations in the first sentence of Paragraph 84. The remaining allegations in Paragraph 84 are vague and lack the necessary context for Defendants to form a belief as to their truth, and on that basis are denied.

85.     The allegations in the first sentence of Paragraph 85 characterize NEPA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with NEPA, they are denied.  The allegations in the second sentence of Paragraph 85 are conclusions of law, to which no response is required; to the extent a response is required, the allegations are denied.

86.     Defendants admit the allegations in Paragraph 86.

87.     The allegations in the first sentence of Paragraph 87 characterize the plaintiffs' motion for a temporary restraining order and preliminary injunction, ECF No. 9-1, in *Southern Utah Wilderness Alliance, et al. v. Bernhardt* (Case No. 1:20-cv-03654) ("*SUWA v. Bernhardt*"), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the motion, they are denied.  The allegations in the second sentence of Paragraph 87 characterize an order of the Court, ECF No. 25 in *SUWA v. Bernhardt*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the order, they are denied.

88.    Defendants admit the allegations in the first sentence of Paragraph 88.  The allegations in the second sentence of Paragraph 88 characterize an opinion of the Court, published as *SUWA v. Bernhardt*, 512 F. Supp. 3d 13 (D.D.C. 2021), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the opinion, they are denied.

89.    Defendants admit the allegations in Paragraph 89.

90.    Defendants admit the allegations in the first sentence of Paragraph 90.  The allegations in the second sentence of Paragraph 90 characterize the plaintiffs' second amended complaint, ECF No. 46-1 in *SUWA v. Bernhardt*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the complaint, they are denied.

91.    Defendants admit the allegations in the first two sentences of Paragraph 91.  The allegations in the third sentence of Paragraph 91 purports to characterize the settlement agreement reached in *SUWA v. Bernhardt*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the settlement agreement, they are denied.

92.    The allegations in Paragraph 92 purport to characterize the settlement agreement reached in *SUWA v. Bernhardt*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the settlement agreement, they are denied.

93.    The allegations in Paragraph 93 characterize the stipulated dismissal in *SUWA v. Bernhardt*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the stipulated dismissal, they are denied.

94.    Defendants admit the allegations in the first sentence of Paragraph 94. Defendants admit the allegation in the second sentence of Paragraph 94 that SUWA submitted

comments on the draft Reevaluation EA.  The remaining allegations in Paragraph 94 purport to characterize SUWA's comments, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with SUWA's comments, they are denied.

95.    Defendants admit the allegations in the first sentence of Paragraph 95.  The remaining allegations in Paragraph 95 characterize a 2023 letter from Kimberly Hartwig to Nathan Packer, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with that letter, they are denied.

96.    Defendants admit the allegation in Paragraph 96 that the National Park Service ("NPS") sent a letter to BLM dated April 20, 2018.  The remaining allegations in Paragraph 96 purport to characterize NPS's 2018 letter, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the letter, they are denied.

97.    The allegations in Paragraph 97 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.  To the extent Plaintiffs allege in Paragraph 97 that the Reevaluation EA's analysis was insufficient, Defendants deny that allegation.

98.    Defendants deny the allegations in Paragraph 98.

99.    To the extent the allegations in Paragraph 99 purport to characterize the settlement agreement reached in *SUWA v. Bernhardt*, the document speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the settlement agreement, they are denied.  The remaining allegations in Paragraph 99 are otherwise vague and lack the necessary context for Defendants to form an opinion as to their truth, and are denied on that basis.

100.    The allegations in Paragraph 100 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in the first sentence of Paragraph 102. The remaining allegations in Paragraph 102 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

103.    Defendants deny the allegations in the first sentence of Paragraph 103. The remaining allegations in Paragraph 103 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

104.    Defendants deny the allegations in the first clause of the first sentence of Paragraph 104. The remaining allegations in Paragraph 104 characterize the Reevaluation EA and the settlement agreement, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Reevaluation EA and the settlement agreement, they are denied.

105.    Defendants deny the allegations in the first clause of the first sentence of Paragraph 105. The remaining allegations in the first sentence of Paragraph 105 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied. The allegations in the second sentence of Paragraph 105 purport to characterize the settlement agreement reached in

*SUWA v. Bernhardt*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the settlement agreement, they are denied.

106.    Defendants deny the allegations in Paragraph 106.

107.    The allegations in the first sentence of Paragraph 107 appear to characterize documents that Plaintiffs obtained by a FOIA request, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these documents, they are denied.  Defendants further aver that BLM spent multiple years gathering information to support a potential MLP before the process was terminated in 2018, but that the draft EA was never finalized.  In response to the allegations in the second sentence of Paragraph 107, Defendants admit that BLM did not offer oil and gas leases in the San Rafael Desert while it was considering an MLP. Defendants deny all allegations in Paragraph 107 inconsistent with these admissions and averments.

108.    In response to the allegations in the first sentence of Paragraph 108, Defendants admit that on July 13, 2018, BLM published in the Federal Register a notice of termination of the San Rafael Master Leasing Plan.  The remaining allegations in Paragraph 108 purport to characterize the notice of termination, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the notice of termination, they are denied.

109.    Defendants deny the allegations in the first sentence of Paragraph 109.  The remaining allegations in Paragraph 109 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

110.    Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

112.    Defendants deny the allegations in the first sentence of Paragraph 112.  The allegations in the second sentence of Paragraph 112 characterize Instruction Memorandum No. 2018-034, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with Instruction Memorandum No. 2018-034, they are denied.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants admit the allegation in Paragraph 114 that BLM reaffirmed the issuance of 51 oil and gas leases, including the 35 leases challenged in this case.  The remaining allegations in Paragraph 114 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

115.    The allegations in Paragraph 115 characterize comments made by Plaintiff on the Reevaluation EA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the comments, they are denied.

116.    Defendants deny the allegations in the first sentence of Paragraph 116.  The remaining allegations in Paragraph 116 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

117.    The allegations in the first and second sentences of Paragraph 117 characterize the 2021 Oil and Gas Report, Instruction Memoranda, and 43 C.F.R. § 3120.32, which speak for themselves and are the best evidence of their contents; to the extent the allegations are

inconsistent with these sources, they are denied. The allegations in the third sentence of Paragraph 117 are conclusions of law, to which no response is required; to the extent the allegations require a response, they are denied.

118. The allegations in Paragraph 118 appear to characterize 43 C.F.R. § 3120.32, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

119. The allegations in Paragraph 119 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

120. The allegations in Paragraph 120 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

121. The allegations in the first sentence of Paragraph 121 characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent allegations are inconsistent with the Reevaluation EA, they are denied. The allegations in the second sentence of Paragraph 121 purport to characterize the Reevaluation EA and/or the settlement agreement between Plaintiff and Defendants, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Reevaluation EA and/or the settlement agreement, they are denied.

122. The allegations in the first sentence of Paragraph 122 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent allegations are inconsistent with the Reevaluation EA, they are denied. The allegations in the second and third sentences of Paragraph 122 purport to characterize the 2021 Oil and Gas

Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the 2021 Oil and Gas Report, they are denied. Any allegations contrary to its plain language, meaning, or context are denied.

123.    Defendants deny the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

125.    The allegations in Paragraph 125 purport to characterize the Reevaluation EA and/or the 2021 Oil and Gas Report, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Reevaluation EA and/or the 2021 Oil and Gas Report, they are denied

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

129.    The allegations in the first sentence of Paragraph 129 are conclusions of law, to which no response is required, and purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied. The allegations in the second sentence of Paragraph 129 are conclusions of law to which no response is required; to the extent the allegations require a response, they are denied. The allegations in the third and fourth sentences of Paragraph 129 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of

its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

130.    The allegations in Paragraph 130 purport to characterize the U.S. Fish and Wildlife Service's Biological Opinion for the BLM Resource Management Plan for the Price Field Office (Oct. 27, 2008) ("Price RMP BiOp"), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

131.    The allegations in the first sentence of Paragraph 131 purport to characterize the Price RMP BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  Defendants admit the allegations in the second sentence of Paragraph 131 that the areas subject to the reaffirmed leases do not overlap with habitat for the four endangered Colorado River fish identified in the Complaint. The remaining allegations in the second sentence of Paragraph 131 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

132.    The allegations in Paragraph 132 include an attempt to characterize, without citation or attribution, documents that speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these documents, they are denied. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132, and deny the allegations on that basis.

133.    The allegations in Paragraph 133 are conclusions of law, to which no response is required, and purport to characterize the Reevaluation EA, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

## FIRST CAUSE OF ACTION

134. Defendants incorporate their responses to Paragraphs 1-133 set forth above.

135.  The allegations in Paragraph 135 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

136.  The allegations in Paragraph 136 purport to characterize a decision by the D.C. Circuit Court of Appeals, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

## SECOND CAUSE OF ACTION

143. Defendants incorporate their responses to Paragraphs 1-142 set forth above.

144. The allegations in the first sentence of Paragraph 144 are vague and lack sufficient context for Defendants to form an opinion as to their truth, and are denied on that basis. The allegations in the second sentence of Paragraph 144 characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

145.     Defendants deny the allegations in the first sentence of Paragraph 145. The allegations in the second sentence of Paragraph 145 purport to characterize 81 Fed. Reg. 31252-53, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with 81 Fed. Reg. 31252-53, they are denied.

146.     The allegations in Paragraph 146 purport to characterize 81 Fed. Reg. 31252-53, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with 81 Fed. Reg. 31252-53, they are denied.

147.     The allegations in the first sentence of Paragraph 147 are vague and lack the necessary context for Defendants to form an opinion as to their truth, and are denied on that basis. Defendants admit the allegations in the second sentence of Paragraph 147. Defendants deny the allegations in the third sentence of Paragraph 147.

148.     The allegations in Paragraph 148 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

149.     Defendants deny the allegations in Paragraph 149.

### THIRD CAUSE OF ACTION

150.     Defendants incorporate their responses to Paragraphs 1-149 set forth above.

151.     The allegations in Paragraph 151 characterize NEPA and its related regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and regulations, they are denied.

152.     The allegations in Paragraph 152 characterize 40 C.F.R. §§ 1508.4, 1508.9, 1508.11, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulations, they are denied.

153.    Defendants admit the allegations in the first sentence of Paragraph 153. Defendants deny the allegations in the second sentence of Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

## FOURTH CAUSE OF ACTION

155.    Defendants incorporate their responses to Paragraphs 1-154 set forth above.

156.    The allegations in Paragraph 156 characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

157.    The allegations in Paragraph 157 appear to characterize an unpublished district court decision, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

## FIFTH CAUSE OF ACTION

160.    Defendants incorporate their responses to Paragraphs 1-159 set forth above.

161.    The allegations in Paragraph 161 are conclusions of law, to which no response is required, and characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

162.    The allegations in Paragraph 162 characterize a Ninth Circuit decision, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

163.    The allegations in Paragraph 163 are conclusions of law, to which no response is required; to the extent a response is required, the allegations are denied.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

### SIXTH CAUSE OF ACTION

168.    Defendants incorporate their responses to Paragraphs 1-167 set forth above.

169.    The allegations in Paragraph 169 characterize the ESA and three Circuit and District Court decisions, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions or statute, they are denied.

170.    Defendants deny the allegations in the first sentence of Paragraph 170. The allegations in the second sentence of Paragraph 170 are conclusions of law, to which no response is required, and purport to characterize two District Court decisions, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

171.    The allegations in Paragraph 171 are conclusions of law, to which no response is required, and characterize a District Court decision, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

172.    Defendants deny the allegations in Paragraph 172.

### RESPONSE TO PRAYER FOR RELIEF

The remaining Paragraphs of Plaintiff's Complaint set forth Plaintiff's prayer for relief and do not require a response. To the extent a response is necessary, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## <u>GENERAL DENIAL</u>

Defendants deny any allegations of Plaintiff's Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiff has failed to state a claim for which relief can be granted.

2. The Court lacks jurisdiction over one or more of Plaintiff's claims.

3. Plaintiff lacks standing to pursue one or more of its claims.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 17th day of January, 2025,

KATHERINE E. KONSCHNIK
Acting Assistant Attorney General
Environmental & Natural Resource Division

/s/ *John K. Heise*
John K. Heise
Trial Attorney (CA Bar No. 331615)
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: 202-305-0421
John.Heise@usdoj.gov

S. JAY GOVINDAN, Chief
BRIDGET KENNEDY MCNEIL, Assistant Section
Chief

/s/ *Alison C. Finnegan*
Alison C. Finnegan, Senior Trial Attorney
(Pennsylvania Bar No. 88519)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
alison.c.finnegan@usdoj.gov

*Attorneys for Federal Defendants*