# Exhibit B

STEPHEN K. KAISER (UT Bar No. 18146)
KATHY A. F. DAVIS (UT Bar No. 4022)
ASSISTANT ATTORNEYS GENERAL
DEREK E. BROWN (UT Bar No. 10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple Street, Suite 300
Salt Lake City, UT  84102
skkaiser@agutah.gov
kathydavis@agutah.gov

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, | Case No. 1:24-cv-02476-rc |
| Plaintiff, | |
| v. | **[PROPOSED] ANSWER OF INTERVENOR-DEFENDANT STATE OF UTAH** |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants, | Judge Rudolph Contreras |
| and | |
| STATE OF UTAH, | |
| Proposed Intervenor-Defendant | |

The State of Utah ("State" or "Utah") submits this proposed Answer to Plaintiff's First

Amended Complaint and asserts the State's affirmative defenses as follows:

### INTRODUCTION

1. The allegations in the first sentence of Paragraph 1 and footnote 1 purport to characterize

Plaintiff's case and no response is required. The State admits the reaffirmed leases are on

BLM-managed public lands, but the remainder of sentence 2 of Paragraph 1 is vague and

is denied on that basis. The final sentence of Paragraph 1 is vague and based on Plaintiff's opinion and is denied on that basis.

2.  The State admits the first two sentences of Paragraph 2.  The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 3 of Paragraph 2 and they are therefore denied. The State affirmatively alleges that the "Labyrinth Canyon Lease" defined in Plaintiff's complaint is a valid existing right under the Federal Land Management and Policy Act ("FLPMA"). 43 U.S.C. §1701(h).

3.  The State is without knowledge or information sufficient to form a belief as to the truth of the allegations of sentence 1 of Paragraph 3 and denies them on that basis. The State admits the leases at issue are located in the Upper Colorado River Basin but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 2 of Paragraph 3 and therefore denies them. The allegations in sentence 3 of Paragraph 3 are vague and also are denied on that basis.

4.  The State admits the first sentence of Paragraph 4. The allegations in sentence 2 of Paragraph 4 purport to characterize a document or the contents of a document that speaks for itself and is the best evidence of its contents. The State denies the final sentence of Paragraph 4.

5.  The allegations in the first sentence of Paragraph 5 are vague and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis. The State denies the allegations in sentence 2 of Paragraph 5.

6.  The allegations in sentence 1 of Paragraph 6 purport to characterize Plaintiff's case or are conclusions of law to which no response is required. To the extent a response may be

required, all allegations of Paragraph 6 are denied. The State denies the allegations in the final sentence of Paragraph 6.

7. The State denies the allegations in sentence 1 of Paragraph 7. The allegations in the remaining sentences of Paragraph 7 are characterizations of Plaintiff's case to which no response is required. To the extent a response may be required, the State denies all allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 are conclusions of law to which no response is required; to the extent a response may be required, the State denies all allegations of Paragraph 8.

9. The allegations in Paragraph 9 are conclusions of law to which no response is required; to the extent a response may be required, the State denies all allegations of Paragraph 9.

10. The allegations in Paragraph 10 are conclusions of law to which no response is required; to the extent a response may be required, the State denies all allegations of Paragraph 10.

11. The allegations in Paragraph 11 are conclusions of law to which no response is required; to the extent a response may be required, the State denies all allegations of Paragraph 11.

12. The allegations in Paragraph 12 are conclusions of law to which no response is required; to the extent a response may be required, the State denies all allegations of Paragraph 12.

## PARTIES

13. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and they are denied on that basis.

14. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and they are denied on that basis.

15. The State denies the allegations in sentences 1, 5, and 7 of Paragraph 15. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 15, and they are denied on that basis.

16. The State admits the allegations in Paragraph 16 and affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1).

17. The State admits the allegations in Paragraph 17 and affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1).

18. The State admits the allegations in Paragraph 18 and affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1).

19. The State admits the allegations in Paragraph 19 and affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1).

## LEGAL FRAMEWORK

20. The allegations in Paragraph 20 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the statute, they are denied.

21. The allegations in Paragraph 21 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the statute, they are denied.

22. The allegations in Paragraph 22 purport to characterize the National Environmental Policy Act (NEPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statute and regulations, they are denied. Footnote 2 contains conclusions of law and/or purports to characterize Plaintiff's case and are denied on that basis.

23. The allegations in Paragraph 23 purport to characterize NEPA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

24. The allegations in Paragraph 24 purport to characterize the implementing regulations of NEPA, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

25. The allegations in Paragraph 25 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

26. The allegations in Paragraph 26 purport to characterize NEPA, its implementing regulations, and case law, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute, regulations, or case law, they are denied.

27. The allegations in Paragraph 27 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

28. The allegations in Paragraph 28 purport to characterize NEPA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

29. The allegations in Paragraph 29 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

30. The allegations in Paragraph 30 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

31. The allegations in Paragraph 31 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

32. The allegations in Paragraph 32 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

33. The allegations in Paragraph 33 purport to characterize NEPA implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

34. The allegations in Paragraph 34 purport to characterize case law, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the case law, they are denied.

35. The allegations in Paragraph 35 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

36. The allegations in Paragraph 36 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

37. The allegations in Paragraph 37 are conclusions of law that require no response. They also purport to characterize the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

38. The allegations in Paragraph 38 purport to characterize the implementing regulations of the ESA, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

39. The allegations in Paragraph 39 are conclusions of law that require no response. They also purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute, they are denied.

40. The allegations in Paragraph 40 and footnotes 3 and 4 are conclusions of law that require no response. They also purport to characterize the ESA, its implementing regulations, and a BLM Manual, all of which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute, regulations, or manual, they are denied.

41. The allegations in Paragraph 41 are conclusions of law that require no response. They also purport to characterize the ESA and its implementing regulations, which speak for

themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute or regulations, they are denied.

42. The allegations in Paragraph 42 are conclusions of law that require no response. They also purport to characterize the implementing regulations of the ESA, which speaks for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

43. The allegations in Paragraph 43 are conclusions of law that require no response. They also purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the statute or regulations, they are denied.

44. The allegations in Paragraph 44 are conclusions of law that require no response. They also purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  To the extent  the allegations are inconsistent with the statute, they are denied.

45. The allegations of Paragraph 45 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied.

46. The allegations of Paragraph 46 are vague and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis.

47. The allegations of Paragraph 47 purport to FLPMA, which speaks for itself and is therefore the best evidence of its content. To the extent the allegations are inconsistent with the statute, they are denied. The State affirmatively alleges that FLPMA requires

public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1).

48. The allegations in the first sentence of Paragraph 48 purport to characterize the implementing regulations of FLPMA, which speak for themselves and are the best evidence of its content. To the extent the allegations are inconsistent with the regulations, they are denied. The allegations in sentence 2 of Paragraph 48 are vague and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis.  The State admits the first two sentences of footnote 5. The remaining allegations in footnote 5 purport to characterize Plaintiff's case and no response is required. To the extent the allegations may require a response, they are denied.

49. The allegations of Paragraph 49 purport to characterize the implementing regulations of FLMPA, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

50. The allegations of Paragraph 50 purport to characterize the implementing regulations of FLMPA, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the regulations, they are denied.

51. The allegations of Paragraph 51 are vague, and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis.

## FACTUAL BACKGROUND

52. The allegations of Paragraph 52 are vague, and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis.

53. The allegations in first three sentences of Paragraph 53 are vague, and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis. The allegations in the final sentence of Paragraph 53 selectively quote certain provisions of and purport to characterize BLM's San Rafael Desert Master Leasing Plan and Draft Resources Management Plan Amendments/Draft Environmental Assessment, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied.

54. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and they are denied on that basis.

55. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and they are denied on that basis.

56. The State admits the allegations in the first sentence of Paragraph 56.  The allegations in the second sentence of Paragraph 56 are vague, and the State is without sufficient knowledge or information to form a belief as to the truth of the allegations, and they are denied on that basis.

57. The State admits the allegations in the first sentence of Paragraph 57. The allegations in the second sentence of Paragraph 57 purport to characterize Plaintiff's case and require no response. To the extent the allegations of sentence 2 in Paragraph 57 require a response, they are denied.

58. The allegations of Paragraph 58 purport to characterize a letter from members of Congress, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the letter, they are denied.

59. The allegations in the first sentence of Paragraph 59 are vague, and the State is without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are denied on that basis. The allegations in the second sentence of Paragraph 59 purport to characterize the contents of a Federal Register posting, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Federal Register posting, they are denied.

60. The State admits the allegations in the first sentence of Paragraph 60. The remaining allegations of Paragraph 60 purport to characterize a BLM memorandum, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the memorandum, they are denied.

61. The allegations of Paragraph 61 purport to characterize the San Rafael Desert Master Leasing Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Plan, they are denied. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no longer required, and the process is hereby terminated."[1]  The allegations of Paragraph 61 provide information that has been superseded, are incorrect and are not relevant.

---

[1] https://www.federalregister.gov/documents/2018/07/13/2018-15016/notice-of-termination-of-the-san-rafael-swell-master-leasing-plan-utah.

62. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 62, and they are denied on the basis. The allegations in the final sentence of Paragraph 62 are vague, and the State is without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are denied on the basis. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no longer required, and the process is hereby terminated."[2]  The allegations of Paragraph 62 provide information that has been superseded, are incorrect and are not relevant.

63. The allegations in Paragraph 63 purport to characterize the Plaintiff's case and require no response. To the extent that a response may be required, they are denied. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no longer required, and the process is hereby terminated."[3]  The allegations of Paragraph 63 provide information that has been superseded, are incorrect, and are not relevant.

64. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 64. To the extent a response may be required, they are denied. The allegations of the final sentence of Paragraph 64 purport to characterize documents received from a Freedom of Information Act (FOIA) request, which speak for themselves and are the best evidence of their content. To the extent that

---

[2] *Id.*
[3] *Id.*

the allegations are inconsistent with the documents, they are denied. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no longer required, and the process is hereby terminated."[4] The allegations of Paragraph 64 provide information that has been superseded, are incorrect and are not relevant.

65. The State admits the allegations in the first sentence of Paragraph 65. The allegations in the second sentence of Paragraph 65 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Executive Order, they are denied.

66. The allegations of Paragraph 66 purport to characterize a Secretarial Order, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Secretarial Order, they are denied.

67. The allegations of Paragraph 67 purport to characterize an Instruction Memorandum, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Instruction Memorandum, they are denied. The State affirmatively alleges that the "MLP concept" was not reinstituted by the succeeding administration and the allegations of Paragraph 67 are irrelevant.

68. The allegations in the first sentence of Paragraph 68 purport to characterize Plaintiff's case or are conclusions of law and no response is required. To the extent a response may be required, the allegations are denied. The second sentence of Paragraph 68 purports to characterize an Instruction Memorandum, which speaks for itself and is the best evidence

---

[4] *Id.*.

of its content. To the extent the allegations are inconsistent with the Instruction

Memorandum, they are denied.

69. The State admits that the BLM decided to terminate the San Rafael Desert MLP. The

allegations in Paragraph 69 purport to characterize a posting in the Federal Register,

which speaks for itself and is the best evidence of its content. To the extent the

allegations are inconsistent with the posting, they are denied.

70. The allegations in Paragraph 70 are vague and purport to characterize Plaintiff's case, and

they are denied.

71. The State denies the allegations in the first sentence of Paragraph 71. The remaining

allegations purport to characterize case law and newspaper articles, which speak for

themselves and are the best evidence of their content. To the extent the allegations are

inconsistent with the case law or newspaper articles, they are denied.

72. The allegations in Paragraph 72 purport to characterize an Executive Order, a Secretarial

Order, an Instruction Memorandum, and case law, which speak for themselves and are

the best evidence of their content. To the extent the allegations are inconsistent with the

Executive Order, Secretarial Order, Instruction Memorandum, or case law, they are

denied.

73. The allegations in Paragraph 73 purport to characterize an Executive Order, which speaks

for itself and is the best evidence of its content. To the extent the allegations are

inconsistent with the Executive Order, they are denied.

74. The allegations in Paragraph 74 purport to characterize a Department of Interior Report,

which speaks for itself and is the best evidence of its content. To the extent the

allegations are inconsistent with the Report, they are denied.

75. The allegations in Paragraph 75 purport to characterize a Department of Interior Report, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Report, they are denied.

76. The allegations in Paragraph 76 purport to characterize a Department of Interior Report, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Report, they are denied. The State affirmatively alleges that the leases at issue in this case are not "low potential" lands for oil and gas development and the allegations of Paragraph 76 are irrelevant.

77. The allegations in Paragraph 77 purport to characterize Instruction Memoranda and a BLM Regulation, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the Memoranda or the Regulation, they are denied.

78. The allegations in Paragraph 78 purport to characterize an Instruction Memorandum, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Memorandum, they are denied.

79. The allegations in Paragraph 79 purport to characterize Plaintiff's case or are conclusions of law, which require no response. To the extent a response is required, the allegations of Paragraph 79 are denied.

80. The allegations in Paragraph 80 purport to characterize a "reasonably foreseeable development scenario" (RFDS) prepared by BLM, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the RFDS, they are denied. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The

preparation of an Environmental Assessment associated with the San Rafael Swell

Master Leasing Plan Amendment is no longer required, and the process is hereby

terminated."[5]  The allegations of Paragraph 80 provide information that has been

superseded, are incorrect, and are not relevant

81. The allegations in Paragraph 81 purport to characterize RFDSs, which speak for

themselves and are the best evidence of their content. To the extent the allegations are

inconsistent with the RFDSs, they are denied.

82. The allegations in Paragraph 82 purport to characterize the San Rafael Desert RFDS,

which speaks for itself and is the best evidence of its content. To the extent the

allegations are inconsistent with the San Rafael Desert RFDS, they are denied.

83. The allegations in Paragraph 83 are conclusions of law that require no response. To the

extent the allegations may require a response, they are denied. The allegations also

purport to characterize a Federal Regulation, which speaks for itself  and is the best

evidence of its content. To the extent the allegations are inconsistent with the Regulation,

they are denied.

84. The allegations in Paragraph 84 purport to characterize Plaintiff's case and require no

response. The allegations are also vague, and the State is without knowledge or

information sufficient to form a belief as to the truth of the allegations. For those reasons,

the allegations are denied.

85. The allegations in the first sentence of Paragraph 85 purport to characterize NEPA, which

speaks for itself and is the best evidence of its content. To the extent the allegations are

inconsistent with the statute, they are denied. The allegations in the second sentence of

Paragraph 85 purport to characterize Plaintiff's case or are conclusions of law, to which

---

[5] *Id.*.

no response is required. To the extent the allegations may require a response, they are denied.

86. The State admits the allegations in Paragraph 86.

87. The allegations in the first sentence of Paragraph 87 purport to characterize a Motion for Temporary Restraining Order and Preliminary Injunction, which speaks for itself and is therefore the best evidence of its contents. To the extent the allegations are inconsistent with the Motion, they are denied. The allegations in the second sentence of Paragraph 87 purport to characterize a Court Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, they are denied.

88. The State admits the allegations in the first sentence of Paragraph 88. The allegations in the second sentence of Paragraph 88 purport to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied. The State affirmatively alleges that the in denying Plaintiff's motion for preliminary injunction, the Court held that SUWA did not have substantial likelihood of success on merits; would likely not suffer irreparable harm; the balance of hardships and public interest favored denial of preliminary injunction. *SUWA v. Bernhardt*, 512 F.Supp.3d 13 (D.D.C. 2021).

89. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and they are denied for that reason.

90. The State admits the allegations in the first sentence of Paragraph 90. The allegations in the second sentence of Paragraph 90 purport to characterize an Amended Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Amended Complaint, they are denied.

91. The State admits the allegations in the first two sentences of Paragraph 91. The allegations in the final sentence of Paragraph 91 purport to characterize a Settlement Agreement, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Settlement Agreement, they are denied.

92. The allegations in Paragraph 92 purport to characterize a Settlement Agreement, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Settlement Agreement, they are denied. The State affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1). Statutory mandates cannot be superseded by a settlement agreement.

93. The allegations in Paragraph 93 purport to characterize a Stipulated Dismissal, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Stipulated Dismissal, they are denied.

94. The State admits the allegations in the first sentence of Paragraph 94. The allegations in the second sentence of Paragraph 94 purport to characterize SUWA's Comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Comments, they are denied.

95. The State admits the allegations in the first sentence of Paragraph 95. The remaining allegations of Paragraph 95 purport to characterize a National Park Service (NPS) Letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the NPS Letter, they are denied.

96. The allegations in Paragraph 96 purport to characterize a NPS Letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the NPS Letter, they are denied.

97. The allegations in Paragraph 97 purport to characterize the Reevaluation Environmental Assessment (EA), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied. To the extent Plaintiff alleges that the Reevaluation EA was insufficient, those allegations are denied.

98. The State denies all allegations in Paragraph 98.

99. The allegations in Paragraph 99 purport to characterize a Settlement Agreement, which speaks for itself and is therefore the best evidence of its contents. To the extent the allegations are inconsistent with the Settlement Agreement, they are denied. The State affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1). Statutory mandates cannot be superseded by a settlement agreement.

100.    The allegations in Paragraph 100 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Revaluation EA, they are denied. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no

longer required, and the process is hereby terminated."[6] The allegations of Paragraph 100

provide information that has been superseded, are incorrect, and are not relevant.

101.        The State denies the allegations in Paragraph 101. The State affirmatively alleges

that the San Rafael Desert Master Leasing Plan was never finalized with the BLM

determining on July 13, 2018, that "The preparation of an Environmental Assessment

associated with the San Rafael Swell Master Leasing Plan Amendment is no longer

required, and the process is hereby terminated."[7]  The allegations of Paragraph 101

provide information that has been superseded, are incorrect, and are not relevant.

102.        The State denies the allegations of Paragraph 102. To the extent the allegations in

Paragraph 102 purport to characterize the Reevaluation EA, it speaks for itself and is the

best evidence of its contents. To the extent the allegations are inconsistent with the

Reevaluation EA, they are denied.

103.        The State denies the allegations of Paragraph 103. To the extent the allegations in

Paragraph 103 purport to characterize the Reevaluation EA, it speaks for itself and is the

best evidence of its contents. To the extent the allegations are inconsistent with the

Reevaluation EA, they are denied.

104.        The State denies the allegations in the first sentence of Paragraph 104. The

allegations last sentence in Paragraph 104 purport to characterize the Reevaluation EA,

which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with the Reevaluation EA, they are denied. The State

affirmatively alleges that FLPMA requires public land to be managed by BLM under

---

[6] *Id.*
[7] *Id.*

"principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1). Statutory mandates cannot be superseded by a settlement agreement.

105.     The State denies the allegations of Paragraph 105. The allegations in the last sentence of Paragraph 105 purport to characterize a Settlement Agreement, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Settlement Agreement, they are denied. The State affirmatively alleges that FLPMA requires public land to be managed by BLM under "principles multiple use and sustained yield." 43 U.S.C. 1712(c)(1). Statutory mandates cannot be superseded by a settlement agreement.

106.     The State denies the allegations in Paragraph 106. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized, with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no longer required, and the process is hereby terminated."[8] The allegations of Paragraph 106 provide information that has been superseded, are incorrect, and are not relevant.

107.     The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and denies them on that basis. The State affirmatively alleges that the San Rafael Desert Master Leasing Plan was never finalized with the BLM determining on July 13, 2018, that "The preparation of an Environmental Assessment associated with the San Rafael Swell Master Leasing Plan Amendment is no

---

[8] *Id.*

longer required, and the process is hereby terminated."[9] The allegations of Paragraph 107

provide information that has been superseded, are incorrect, and are not relevant.

108.     The State is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 108 and denies them on that basis.

109.     The State denies the allegations in the first sentence of Paragraph 109. The

remaining allegations in Paragraph 109 purport to characterize the Reevaluation EA,

which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with the Reevaluation EA, they are denied.

110.     The State denies the allegations in Paragraph 110.

111.     The allegations in Paragraph 111 purport to characterize the Reevaluation EA,

which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with the Reevaluation EA, they are denied.

112.     The State denies the allegations in Paragraph 112. The allegations in Paragraph

112 purport to characterize an Instruction Memorandum and case law, which speak for

themselves and are the best evidence of their contents. To the extent the allegations are

inconsistent with the Memorandum or case law, they are denied.

113.     The State denies the allegations in Paragraph 113.

114.     The State admits the allegation in Paragraph 114 that BLM reaffirmed the thirty-

five oil and gas leases at issue in this case and denies the remaining allegations in

Paragraph 114.

115.     The allegations in Paragraph 115 purport to characterize SUWA's Comments,

which speak for themselves and are the best evidence of their contents. To the extent the

---

[9] https://www.federalregister.gov/documents/2018/07/13/2018-15016/notice-of-termination-of-the-san-rafael-swell-master-leasing-plan-utah.

allegations are inconsistent with the Comments, they are denied. The State denies that SUWA's comments are required to be followed by the BLM.

116.     The State denies the allegations in the first sentence of Paragraph 116. The remaining allegations in Paragraph 116 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

117.     The allegations in the first sentence of Paragraph 117 purport to characterize the 2021 Oil and Gas Report, an Instruction Memoranda, and a Regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Report, Memoranda, or Regulation, they are denied. The allegation in the final sentence of Paragraph 117 is a conclusion of law, which requires no response. To the extent the allegations require a response, they are denied.  The State affirmatively alleges that the Instruction Memoranda are currently listed as "Inactive."[10]

118.     The allegations in Paragraph 118 appear to purport to characterize a Regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Regulation, they are denied.

119.     The allegations in Paragraph 119 purport to characterize the Reevaluation EA, which speaks for itself and is  the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

---

[10] https://www.blm.gov/policy/instruction-memorandum?body_value=&field_region_target_id=All&field_fiscal_year_value=4&field_inactive_value=All&page=0.

120.     The allegations in Paragraph 120 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

121.     The allegations in Paragraph 121 purport to characterize the Reevaluation EA and the Settlement Agreement, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Reevaluation EA or the Settlement Agreement, they are denied.

122.     The allegations in Paragraph 122 purport to characterize the Reevaluation EA and the 2021 Oil and Gas Report, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Reevaluation EA or the Report, they are denied.

123.     The State denies the allegations in Paragraph 123.

124.     The allegations in Paragraph 124 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

125.     The allegations in Paragraph 125 are conclusions of law that require no response. To the extent the allegations may require a response, they are denied. Additionally, the allegations of Paragraph 125 purport to characterize the 2021 Oil and Gas Report, which speaks for itself and is therefore the best evidence of its contents. To the extent the allegations are inconsistent with the Report, they are denied.

126.     The State denies the allegations in Paragraph 126.

127.     The State denies the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

129.    The allegations in the first sentence of Paragraph 129 contain conclusions of law, which require no response. To the extent the allegations may require a response, they are denied. The allegations in the first sentence of Paragraph 129 also purport to characterize the Reevaluation EA, the ESA, and a Regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Reevaluation EA, the statute, or the Regulation, they are denied. The allegations in the second sentence of Paragraph 129 are conclusions of law that require no response. To the extent the allegations may require a response, they are denied. The allegations in the third sentence of Paragraph 129 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied. The final sentence of Paragraph 129 contains conclusions of law, which require no response. To the extent the allegations may require a response, they are denied. The final sentence of Paragraph 129 also purports to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

130.    The allegations in Paragraph 130 purport to characterize the Biological Opinion for the Price Resource Management Plan ("Price RMP BiOp"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Price RMP BiOp, they are denied.

131.    The allegations in the first sentence of Paragraph 131 purport to characterize the Price RMP BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Price RMP BiOp, they are denied. The State admits the allegation in the second sentence of Paragraph 131 that the reaffirmed leases do not overlap with habitat for the four endangered Colorado River fish. The remaining allegations in the second sentence purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

132.    The allegations in Paragraph 132 purport to characterize Plaintiff's case or are conclusions of law, which require no response. To the extent the allegations may require a response, they are denied.

133.    The allegations in Paragraph 133 purport to characterize Plaintiff's case or are conclusions of law, which require no response. To the extent the allegations may require a response, they are denied. The allegations in Paragraph 133 also purport to characterize the ESA and the Reevaluation EA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA or the Reevaluation EA, they are denied.

## FIRST CAUSE OF ACTION

134.    The State incorporates its responses to Paragraphs 1-133.

135.    The allegations in Paragraph 135 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Statute, they are denied.

136.    The allegations in Paragraph 136 purport to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied.

137.    The State denies the allegations in Paragraph 137.

138.    The State denies the allegations in Paragraph 138.

139.    The State denies the allegations in Paragraph 139.

140.    The State denies the allegations in Paragraph 140.

141.    The State denies the allegations in Paragraph 141.

142.    The State denies the allegations in Paragraph 142.

**SECOND CAUSE OF ACTION**

143.    The State incorporates its responses to Paragraphs 1-142.

144.    The allegation in the first sentence of Paragraph 144 is a conclusion of law that requires no response. The allegations in the second sentence of Paragraph 144 purport to characterize case law, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the case law, they are denied.

145.    The State denies the allegations in the first sentence of Paragraph 145. The allegations in the second sentence of Paragraph 145 purport to characterize a posting in the Federal Register, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Federal Register, they are denied.

146.    The allegations in Paragraph 146 purport to characterize a posting in the Federal Register, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Federal Register, they are denied.

147.    The allegations in the first sentence of Paragraph 147 purport to characterize the Plaintiff's case and require no response. To the extent a response may be required, they are denied. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 147 and denies them. The State denies the allegations in the third sentence of Paragraph 147.

148.    The allegations in Paragraph 148 purport to characterize the Reevaluation EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Reevaluation EA, they are denied.

149.    The State denies the allegations in Paragraph 149.

### THIRD CAUSE OF ACTION

150.    The State incorporates its responses to Paragraphs 1-149.

151.    The allegations in Paragraph 151 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with NEPA or its implementing regulations, they are denied.

152.    The allegations in Paragraph 152 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with NEPA's implementing regulations, they are denied.

153.    The State admits the allegations in the first sentence of Paragraph 153. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 153 and denies the same.

154.    The State denies the allegations in Paragraph 154.

## FOURTH CAUSE OF ACTION

155.    The State incorporates its responses to Paragraphs 1-154.

156.    The allegations in paragraph 156 purport to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied.

157.    The allegations in paragraph 157 purport to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied.

158.    The State denies the allegations in Paragraph 158.

159.    The State denies the allegations in Paragraph 159.

## FIFTH CAUSE OF ACTION

160.    The State incorporates its responses to Paragraphs 1-159.

161.    The allegations in Paragraph 161 are conclusions of law, which require no response. The allegations in Paragraph 161 also purport to characterize a Regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Regulation, they are denied.

162.    The allegations in Paragraph 162 purport to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied.

163.    The allegations in Paragraph 163 are conclusions of law that require no response. To the extent the allegations may require a response, they are denied.

164.    The State denies the allegations in Paragraph 164.

165.    The State denies the allegations in Paragraph 165.

166.        The State denies the allegations in Paragraph 166.

167.        The State denies the allegations in Paragraph 167.

## SIXTH CAUSE OF ACTION

168.        The State incorporates its responses to Paragraphs 1-167.

169.        The allegations in Paragraph 169 purport to characterize three Court Opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Opinions, they are denied.

170.        The State denies the allegations in the first sentence of Paragraph 170. The allegations in the second sentence of Paragraph 170 are conclusions of law, which require no response. To the extent that the allegations may require a response, they are denied. The second sentence of Paragraph 170 also purports to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied. The State affirmatively alleges that BLM's decision was not unlawful.

171.        The allegations in Paragraph 171 are conclusions of that law that require no response. To the extent that the allegations may require a response, they are denied. The allegations in Paragraph 171 also purport to characterize a Court Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Opinion, they are denied.

172.        The State denies the allegations in Paragraph 172.

173.        The State denies each and every allegation of Plaintiff's Amended Complaint not affirmatively admitted herein.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response. To the extent a response may be

necessary, the State denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

The State denies any allegations of Plaintiff's First Amended Complaint, whether express or

implied, that are not expressly denied, admitted, or qualified herein.

## AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to state a claim for which relief can be granted.

2.  The Court lacks jurisdiction over one or more of Plaintiff's claims.

3.  Plaintiff lacks standing to pursue one or more if its claims.

4.  The State reserves the right to identify additional defenses.


Respectfully submitted this 9th day of April, 2025.


Attorneys for Proposed Intervenor-
Defendant

/s/ Stephen K. Kaiser
Stephen K. Kaiser
Kathy A. F. Davis
Assistant Attorneys General

31

## CERTIFICATE OF SERVICE

I certify that on this 9th day of April, 2025, I electronically filed the foregoing with the Clerk of the U.S. District Court for the District of Columbia and served all parties using the CM/ECF system.


/s/ Stephen K. Kaiser

Stephen K. Kaiser